OPINION
{¶ 1} Appellant-mother Eva Hackman appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which granted permanent custody of her child, Javon H. to Appellee Guernsey County Children Services Board. ("GCCSB").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 20, 2008, the minor child, Javon H., was born. At the time of his birth, both his mother Appellant Michelle Price, and his father, Avery Hollingsworth, were incarcerated for "Illegal Use of Food Stamps" and "Complicity to Commit Illegal Use of Food Stamps". Due to the fact that Appellant-mother lost permanent custody of another child, Appellant was unable to keep Javon with her in prison.
 {¶ 3} On April 22, 2008, the GCCSB filed for emergency ex parte custody of Javon.
 {¶ 4} On July 24, 2008, an Adjudicatory hearing was held in which the child was found to be a dependent child. The Guernsey County Children Services Board filed a motion pursuant to R.C. § 2151.419 requesting that the trial court make a finding that the GCCSB was not required to make reasonable efforts to eliminate the continued removal of Javon from the parents.
 {¶ 5} On August 8, 2008 the Juvenile Court found that the GCCSB was not required to make reasonable efforts pursuant to R.C. § 2151.419.
 {¶ 6} On September 29, 2008, a dispositional hearing on the original complaint requesting permanent custody was held.
 {¶ 7} On October 9, 2008, the trial court granted permanent custody of Javon H. to the Guernsey County Children Services Board. *Page 3 
 {¶ 8} The father, Avery Hollingsworth, failed to file a notice of appeal. The mother, Appellant, filed a notice of Appeal on October 20, 2008, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 9} "I. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT'S PARENTAL RIGHTS SHOULD BE TERMINATED."
 I. {¶ 10} In her sole assignment of error, Appellant-mother argues that the trial court abused its discretion by finding that the child should not or could not be placed with her within a reasonable period and that the grant of permanent custody to GCCSB was in the child's best interest. We disagree.
 {¶ 11} "[T]he right to raise a child is an `essential' and `basic' civil right." In re Murray (1990), 52 Ohio St.3d 155, 157,556 N.E.2d 1169, quoting Stanley v. Illinois (1972), 405 U.S. 645, 92 S.Ct. 1208,31 L.Ed.2d 551. A parent's interest in the care, custody and management of his or her child is "fundamental." Id.; Santosky v. Kramer (1982),455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed. 2d 599. The permanent termination of a parent's rights has been described as, "* * * the family law equivalent to the death penalty in a criminal case." In reSmith (1991), 77 Ohio App. 3d 1, 16, 601 N.E. 2d 45. Therefore, parents "must be afforded every procedural and substantive protection the law allows." Id. *Page 4 
 {¶ 12} An award of permanent custody must be based upon clear and convincing evidence. R.C. § 2151.414(B)(1). The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." In re Estate ofHaynes (1986), 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23.
 Standard of Review {¶ 13} Even under the clear and convincing standard, our review is deferential. If some competent, credible evidence going to all the essential elements of the case supports the trial court's judgment, an appellate court must affirm the judgment and not substitute its judgment for that of the trial court. In re Myers III, Athens App. No. 03CA23,2004-Ohio-657, ¶ 7, citing State v. Schiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54. The credibility of witnesses and weight of the evidence are issues primarily for the trial court, as the trier of fact.In re Ohler, Hocking App. No. 04CA8, 2005-Ohio-1583, ¶ 15, citingSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 Permanent Custody {¶ 14} R.C. § 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. § 2151.414(A)(1) mandates the trial court must schedule a hearing, and provide notice, upon filing of a motion for permanent *Page 5 
custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 15} Following the hearing, R.C. § 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply:
 {¶ 16} "(a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 {¶ 17} "(b) the child is abandoned and the parents cannot be located;
 {¶ 18} "(c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or
 {¶ 19} "(d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 20} Therefore, R.C. § 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. § 2151.414(B) (1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 21} The trial court must consider all relevant evidence before determining the child cannot be placed with either parent within a reasonable time or should not be placed with the parents. R.C. § 2151.414(E). The statute also indicates that if the court *Page 6 
makes a finding under R.C. § 2151.414(E)(1)-(15), the court shall determine the children cannot or should not be placed with the parent. A trial court may base its decision that a child cannot be placed with a parent within a reasonable time or should not be placed with a parent upon the existence of any one of the R.C. § 2151.414(E) factors. The existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. See In re:William S., 75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E.2d 738; In re:Hurlow (Sept. 21, 1998), Gallia App. No. 98 CA 6, 1997 WL 701328; In re:Butcher (Apr. 10, 1991), Athens App. No. 1470, 1991 WL 62145.
 {¶ 22} R.C. § 2151.414(E) sets forth factors a trial court is to consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Specifically, Section (E) provides, in pertinent part, as follows:
 {¶ 23} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 24} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist *Page 7 
the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 25} "* * *
 {¶ 26} "(16) Any other factor the court considers relevant."
 {¶ 27} R.C. § 2151.414(D) requires the trial court to consider all relevant factors in determining whether the child's best interests would be served by granting the permanent custody motion. These factors include but are not limited to:
 {¶ 28} "(1) the interrelationship of the child with others;
 {¶ 29} "(2) the wishes of the child;
 {¶ 30} "(3) the custodial history of the child;
 {¶ 31} "(4) the child's need for a legally secure placement and whether such a placement can be achieved without permanent custody; and
 {¶ 32} "(5) whether any of the factors in divisions (E) (7) to (11) apply."
 {¶ 33} At the permanent custody hearing, the trial court heard testimony from Supervisor Nicole Caldwell who stated that Appellant-mother had lost legal custody of two older children to her grandmother, and permanent custody of her son Edward to the GCCSB, and that Edward was born ten weeks premature, and was positive for cocaine at birth. (T. at 8-11). Supervisor Caldwell also testified that while pregnant with Javon, *Page 8 
Appellant-mother continued to test positive for drugs. (T. at 11). Supervisor Caldwell went on to testify that GCCSB had contact with Appellant-mother during her pregnancy with Javon, and filed for custody because Appellant-mother was unable to keep Javon with her in prison as she had already lost permanent custody of another child. (T. at 12). Supervisor Caldwell went on to testify that neither parent would be able to provide a permanent home for Javon in the next eighteen months, as GCCSB has been involved with Appellant-mother for four years and that during that time she has been unsuccessful in resolving her drug abuse issues. (T. at 14). Additionally, Appellant-mother had failed to complete anything in her original case plan for Edward H., which led to GCCSB receiving permanent custody of Edward, and that throughout the open case with Edward, prior to incarceration, both parents continued to test positive for drugs. (T. at 13). Finally, Supervisor Caldwell testified that given Appellant's history, it is unlikely Appellant will ever be able to parent this minor child, and that Appellant does not have a significant bond with this minor child. (T. at 15).
 {¶ 34} In its findings of fact, the trial court found that the parents have not had a home for eight (8) months and they will not be able to acquire housing for an additional twelve (12) months. The trial court further found the mother had her parental rights terminated with respect to a sibling.
 {¶ 35} Based upon the foregoing, we determine upon a thorough review of the record that clear and convincing evidence supports the juvenile court's finding that the child could not or should not be returned to Appellant-mother within a reasonable time.
 {¶ 36} The trial court made findings of fact regarding the child's best interest. It is well-established that "[t]he discretion which the juvenile court enjoys in determining *Page 9 
whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994),95 Ohio App.3d 309, 316, 642 N.E.2d 424.
 {¶ 37} The trial court found the parents had placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and that they had refused treatment and further refused to participate in further treatment. The trial court also found Appellant-mother tested positive for drugs while pregnant with Javon. Additionally, the trial court found that Javon does not know and has not bonded with Appellant-mother, but he has bonded with his foster parents, who have already adopted Javon's biological brother and where he has been since he was two days old.
 {¶ 38} Additionally, the trial court found that the wishes of the child, as expressed through the guardian ad-litem, is for the permanent custody motion to be granted. The trial court also found that the child needs a legally secure permanent placement, and that permanency cannot be achieved without a grant of permanent custody to the Agency.
 {¶ 39} We determine upon a thorough review of the record that clear and convincing evidence supports the juvenile court's finding that the best interest of the child would be served by the grant of permanent custody to GCCSB.
 {¶ 40} For these reasons, we find that the trial court's determination that the child could not be placed with Appellant-mother within a reasonable time or should not be placed with her, was not against the manifest weight or sufficiency of the evidence. We *Page 10 
further find that the trial court's decision that permanent custody to GCCSB was in the child's best interest was not against the manifest weight or sufficiency of the evidence.
 {¶ 41} Appellant's sole assignment of error is overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
 Wise, J., Farmer, P. J., and Gwin, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1